UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANG THI TRAN, et al.,

          Plaintiffs,

    v.

PORSCHE CARS NORTH AMERICA, INC.,

          Defendant.

Case No. 25-cv-10044-NW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART**

Re: ECF No. 5

On November 26, 2025, Defendant Porsche Cars North America, Inc. ("Defendant" or "Porsche") filed a motion to dismiss Plaintiffs Sang Thi Tran and MFAS Homes Reality Development Inc.'s ("Plaintiffs") complaint for failure to state a claim. ECF No. 5.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for April 1, 2026, and GRANTS the motion with leave to amend in part.

## I.    BACKGROUND

Plaintiffs' dispute stems from the purchase of a 2020 Porsche Taycan on August 31, 2022. Plaintiffs allege the car "exhibited defects, non-conformities, misadjustments, or malfunctions" that Defendant failed to repair despite notification and a reasonable amount of time. Compl. ¶¶ 10, 11, ECF No. 1-1. Plaintiffs allege Defendant's failure breaches the car's express and implied warranties.

On October 15, 2025, Plaintiffs sued Defendant in Santa Clara County Superior Court asserting two claims: (1) Violation of the Federal Magnuson-Moss Warranty Act ("MMWA") and

---

[1] Other than the complaint, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

(2) Violation of California Business & Professions Code Section 17200 ("UCL"). *See* Compl. Defendant removed the case to this Court on November 20, 2025, then moved to dismiss soon afterward. *See* ECF Nos. 1, 5. Plaintiffs opposed the motion to dismiss on December 10, 2025, and Defendant submitted a reply on December 17, 2025. ECF Nos. 12, 13.

## II. LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

## III. DISCUSSION

Defendant moves to dismiss both of Plaintiffs' causes of action for failure to state a claim. In their opposition, Plaintiffs agree to dismiss their second claim (violation of the UCL). ECF No. 12 at 2. Therefore, Defendant's motion to dismiss this claim is GRANTED and Plaintiffs' second cause of action is DISMISSED.

Plaintiffs oppose Defendant's motion to dismiss their first cause of action under the MMWA, arguing the complaint sufficiently states a claim. Defendant argues that the complaint's "bare bones conclusory allegations" lack "sufficient factual support" to survive the federal pleading standard and fail to allege a cognizable legal theory. ECF No. 5 at 6. In particular, Defendant argues, among other things, "no plausible state law warranty claims are alleged and no

United States District Court
Northern District of California

independent obligations under the MMWA are identified in the Complaint." ECF No. 7. The Court agrees.

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract," to bring a lawsuit for damages and other relief. 15 U.S.C. § 2310(d)(1). While Plaintiffs allege damages due to Defendant's failures, Plaintiffs fail to identify the "obligation under [the MMWA], or under a written warranty, implied warranty, or service contract," that was breached. *Id*. Instead, Plaintiffs state in general terms that "[t]hrough written and implied warranties, [Defendant] warranted that the subject vehicle" was "free from defects, of merchantable quality, and fit for their ordinary and represented use." Compl. ¶ 18. Without more, these allegations fail to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up).

Thus, Defendant's motion to dismiss the first cause of action is GRANTED.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Plaintiffs request leave to "file a [sic] an amended complaint that more fully addresses Plaintiffs' claims and the viability of such claims under Magnuson-Moss and the CA Commercial Code." ECF No. 12 at 4. The Court GRANTS Plaintiffs an opportunity to file an amended complaint on this cause of action only.

\ \ \

\ \ \

\ \ \

\ \ \

\ \ \

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED with leave to amend in part.  Plaintiffs' complaint is DISMISSED with leave to amend the first cause of action under the MMWA.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

4